FILED Rec'd
IN CLERK'S OFFICE 7/8/15
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 07 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

----------------------------------------------------------------x

SELINA MILLER,

          Plaintiff,

MEMORANDUM AND ORDER

       -against-

15-CV-3403 (WFK)

THEODORE WILLIAMS, PHD,

          Defendant.
----------------------------------------------------------------x
KUNTZ, United States District Judge:

      On June 9, 2015, plaintiff Selina Miller[1] filed the above-captioned *pro se* action. The Court received plaintiff's application to proceed *in forma pauperis* on June 22, 2015. That application is granted for the limited purpose of this order, but the action is dismissed as frivolous.

      The hand-written complaint is brief. It alleges that "Theodore Williams, PHD states she has a 'mental disorder,'" and that "defendant was investigated while election for mayor." (Complaint at 2.) It concludes: "The plaintiff states the false statement caused her emotional distress due to wreckless [*sic*] disregard by the defendant" and seeks $20 million in damages. (*Id.*)

      "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be

---

[1] Plaintiff has an extensive history of frivolous litigation in this and other courts and has now been barred from making future filings in this Court seeking *in forma pauperis* status without leave of the Court. *Miller v. Hammond, et al.*, No. 15-CV-2690-WFK-JO, slip op. (E.D.N.Y. June 4, 2015) (ECF # 5) (summarizing plaintiff's litigation history) and slip op. (E.D.N.Y. [date], 2015) (ECF # 8) (imposing a filing injunction).

stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, "a complaint must contain sufficient factual matter . . . to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Title 28, section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiff and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. In order to invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Plaintiff's complaint does not assert any basis for this Court's jurisdiction. The

defendant's alleged reckless disregard for plaintiff's emotional distress does not present a federal question. Plaintiff has not asserted diversity of the parties nor any other basis for this Court's jurisdiction. The Court has considered whether a valid claim might be stated, and concludes that the deficiencies in the complaint are not such that could be cured by amendment. Accordingly, the complaint is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B), and for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge William F. Kuntz, II
WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
July 7, 2015